**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

IN RE: KHM, by and through Myrtle                                          PLAINTIFF
Hicks-Mix, his mother and next friend

V.                                                                          NO. 4:22-CV-182-DMB-JMV

CLARKSDALE MUNICIPAL
SCHOOL DISTRICT                                                             DEFENDANT


<u>**OPINION AND ORDER**</u>

KHM sued Clarksdale Municipal School District seeking damages based on alleged

violations of the Individuals with Disabilities Education Improvement Act and the Mississippi

Standards and Procedures for the Education of Exceptional Children. The School District moves

to dismiss all KHM's claims, arguing the Court lacks subject matter jurisdiction because KHM

fails to establish standing, his claims are untimely, and his claims are moot. Because the Court

concludes that it lacks subject matter jurisdiction over KHM's claims, dismissal will be granted.

**I**
**Procedural History**

On October 31, 2022, KHM,[1] by and through his mother and next friend Myrtle Hicks-

Mix, filed a complaint in the Circuit Court of Coahoma County, Mississippi, against Clarksdale

Municipal School District[2] alleging the School District violated the Individuals with Disabilities

---

[1] Because the plaintiff is a minor, the Court references him by his initials only. *See* Fed. R. Civ. P. 5.2(a)(3) ("Unless the court orders otherwise, in an electronic or paper filing with the court that contains … the name of an individual known to be a minor, … the filing may include only … the minor's initials."); *see also* L.U. Civ. R. 5.2.

[2] Though the School District is the only defendant named in the caption of the complaint, paragraph 3 of the complaint states, "Defendant, Joe Nelson … is being sued in his official capacity." Doc. #2 at 1. "[T]he caption of a complaint is not necessarily determinative" but may be considered in identifying the parties to a lawsuit. *Jones v. Tex. Tech Univ.*, 656 F.2d 1137, 1143 (5th Cir. 1981). Nelson is not a defendant in this case because (1) the record does not reflect he was served with process; and (2) while the complaint uses the word "Defendants" once in its "Statements of Facts" section, the complaint elsewhere does not generally or specifically mention Nelson in any capacity.

Education Improvement Act of 2004 ("IDEA")[3] and the Mississippi Standards and Procedures for the Education of Exceptional Children ("MSP") by failing to develop an IEP[4] for him and by failing to promote him. Doc. #2 at 4–5. KHM seeks $600,000.00 in compensatory damages "together with the costs … including attorney's fees, plus interest, and for any other relief which this court deems just and proper." *Id.* at 5. Asserting federal question jurisdiction under 28 U.S.C. § 1331, the School District removed the case to the United States District Court for the Northern District of Mississippi on December 1, 2022, Doc. #1 at 2, and answered the complaint on December 22, 2022, Doc. #7.

On May 26, 2023, the School District filed a motion to dismiss KHM's complaint with prejudice "pursuant to Rules 8 and 12(b)(1) of the *Federal Rules of Civil Procedure*." Doc. #24. The motion to dismiss is fully briefed. Docs. #25, #38, #44.

During the following six-month period, the School District filed (1) on June 30, 2023, "Defendant Clarksdale Municipal School District's Motion to Strike/Exclude the Opinion of Dr. Sabatella or in the Alternative Extend Defendant's Expert Designation Deadline," Doc. #42;[5] (2) on August 1, 2023, "Clarksdale Municipal School District's Motion to Depose Dr. Sabetalla [sic] Outside of Discovery Deadline or in the Alternative Exclude the Opinions of Dr. Sabetalla [sic]," Doc. #52; (3) on September 1, 2023, "Defendant Clarksdale Municipal School District's Motion

---

[3] The Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA") "reauthorize[d] the Individuals with Disabilities Education Act [(IDEA)]" in 2004. Pub. L. No. 108-446, 118 Stat. 2647 (2004). While KHM uses the acronym "IDEIA" in the complaint, *see generally* Doc. #2, both KHM and the School District refer to IDEIA as "IDEA" in their submissions on the motion to dismiss. *See generally* Docs. #25, #39, #44. The Court uses "IDEA" in reviewing the motion to dismiss for consistency's sake, because the "Decision and Order" attached to the complaint does so, Doc. #2 at PageID 33, and because the Department of Education uses "IDEA" to refer to the Act. *IDEA Individuals with Disabilities Education Act*, U.S. DEP'T OF EDUC., https://sites.ed.gov/idea/ (last visited Feb. 2, 2024).

[4] The attachment to the complaint explains that an "IEP" is an Individualized Education Plan. Doc. #2 at PageID 35.

[5] KHM moved to amend the complaint on July 14, 2023, Doc. #48, but United States Magistrate Judge Jane M. Virden denied the motion because KHM "failed to show good cause in seeking an amendment outside of the authorized period under the Case Management Order." Doc. #55 at 5.

to Exclude the Testimony and Opinions of Dr. Joseph Sabatella," Doc. #56; (4) on December 22, 2023, a "Motion In Limine to Exclude Evidence Not Previously Produced," Doc. #64; (5) on December 22, 2023, a "Motion In Limine to Exclude Evidence as to Any Claims for Monetary Damages," Doc. #66; and (6) on December 22, 2023, a "Motion in Limine to Exclude Evidence as to Any ADA and Negligence Claims," Doc. #68. KHM responded to all these motions. Docs. #46, #53, #59,[6] #71, #72, #73. The School District replied in support of only its motion to strike and its motion in limine regarding monetary damages claims. Docs. #47, #75.

On January 20, 2024, KHM filed "Plaintiff's Motion to Exclude Any and All Witnesses Identified by Defendant in Pretrial Order from Testifying in the Trial of This Matter." Doc. #78. The School District responded six days later.[7] Doc. #81.

## II
## Standard

"Under [Federal Rule of Civil Procedure] 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018) (cleaned up).[8] "Federal courts have subject-matter jurisdiction only over a case or controversy. To establish a case or controversy, a plaintiff must show that he has standing to sue." *Bd. of Alderman v. Miss.*, 751 F. App'x 433, 436 (5th Cir. 2018) (cleaned up).

"[A] factual attack under Rule 12(b)(1)" alleging the facts in the complaint are insufficient

---

[6] The Court struck as untimely KHM's response to the September 1 motion. Doc. #61 at 2. Though KHM moved for an extension to respond to the motion, because KHM did not docket a response by the date of his requested extension, the Court denied the extension request as moot and struck KHM's response and memorandum filed after the requested extension date. *Id.*

[7] The School District's initial response filed on January 25 included a memorandum brief, Doc. #80, but the Clerk of the Court directed the School District to refile its response and memorandum brief as separate documents.

[8] While the School District's motion to dismiss states that it is also filed pursuant to Rule 8, it does not mention Rule 8 in its memorandum brief. *See generally* Doc. #25.

to establish jurisdiction "may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist." *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012) (citations and internal quotation marks omitted). "In considering the motion to dismiss for lack of standing, [a court] consider[s] Plaintiffs' … complaint and its attachments, Defendants' motion to dismiss, and Plaintiffs' opposition to the motion to dismiss and its attachments." *Crane v. Johnson*, 783 F.3d 244, 253 (5th Cir. 2015). "All well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff." *Shemwell v. City of McKinney*, 63 F.4th 480, 483 (5th Cir. 2023) (citation and internal quotation marks omitted). However, the complaint must "clearly … allege facts demonstrating each element" of standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Warth v. Seldin*, 422 U. S. 490, 518 (1975)).

### III
### Factual Allegations

Before starting kindergarten, KHM was diagnosed with autism, attention deficit hyperactivity disorder, and a "brain disorder that 'affects his vision and equilibrium.'" Doc. #2 at 2. KHM's mother informed the School District repeatedly of KHM's diagnoses and requested a comprehensive evaluation of KHM at the beginning of both the 2016–17 and 2017–18 school years. *Id*. at 2, 3.[9] But the School District failed to prepare an IEP for KHM while KHM was in kindergarten and in the first and second grades. *Id.* KHM had to repeat kindergarten, first grade, and second grade due to the School District's failure to develop an IEP so was placed with students much younger than him. *Id.*

Subsequently, KHM's mother appeared before the School Board and asked the School

---

[9] *See* Doc. #2 at PageID 36 ("Decision and Order" attached to the complaint as Exhibit A "and made a part of [his] Complaint").

District to create an IEP[10] for KHM and promote KHM to the next grade "in order to be in a class with his age-appropriate peers." *Id.* at 2–3. By letter dated September 23, 2021, the School District responded that it did not "have a 'social promotion' policy" for students like KHM. *Id.* In September 2021, KHM transferred "to a charter school located in the same city." *Id.* at PageID 34.

On September 28, 2021, KHM's mother filed a "request for due process hearing under part B of the Individuals with Disabilities Education Act" with the Mississippi Department of Education. *Id.* (emphasis omitted). In a November 16, 2021, "Decision and Order," the hearing officer found (1) the School District's "Multidisciplinary Eligibility Team should have made some recommendations to assist a child who is suspected of having a disability;" (2) KHM "clearly qualified for special education and related services at least two years before being ruled eligible;" and (3) after repeating kindergarten and first grade, KHM met "all criteria" to be promoted to a grade with age-appropriate peers under the Mississippi Literacy Promotion Act. *Id.* at 3–4. However, because KHM was already enrolled in a different school district at the time of the hearing, the hearing officer only recommended that the Individualized Education Program "Committee consider academic year 2021-22 as [KHM's] fourth grade year." *Id.* at PageID 41. The hearing officer's decision could be appealed "within 30 days of receipt of the Written Decision and Order."[11] *Id.* at PageID 42. The School District did not appeal. *Id.* at 4.

**IV**
**Analysis**

In requesting dismissal under Rule 12(b)(1), the School District argues that KHM lacks

---

[10] The complaint at times references an "IED plan," Doc. #2 at 3, which clearly is a reference to an IEP.

[11] Contrary to the "Decision and Order," the School District's brief mentions a "90 day appeal period." Doc. #25 at PageID 145.

subject matter jurisdiction to bring his claims because the Court cannot provide redress, the claims are barred by the IDEA's statute of limitations, and the claims are moot because there is no live controversy between the parties. Doc. #25 at PageID 143, 144, 146, 147. KHM responds that the Court can provide redress in the form of compensatory damages,[12] his claims are within the statute of limitations because he put the School District on notice within the proper window, and the case is a live controversy because the effects of the School District's actions on him "will last a lifetime." Doc. #38 at 3–5. The School District replies that there are no compensatory damages available under the IDEA, KHM did not provide timely notice for his IDEA claims, and there is no longer a live controversy because KHM left the school district. Doc. #44 at PageID 490–93.

### A. Redressability

To establish standing, a "plaintiff must show an injury in fact that is fairly traceable to the challenged action of the defendant and likely to be redressed by the plaintiff's requested relief. Courts have divided this rule into three components:" (1) injury in fact, (2) causation, and (3) redressability. *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019). Neither party addresses much less disputes whether KHM suffered an injury-in-fact caused by the School District's actions. *See generally* Docs. #25, #38, #44. Thus, only the issue of redressability remains. "[T]o establish redressability, a plaintiff must show a substantial likelihood that the requested relief will remedy the alleged injury in fact." *Denning v. Bond Pharm., Inc.*, 50 F.4th 445, 451 (5th Cir. 2022) (cleaned up).

"The IDEA provides equitable monetary awards, such as reimbursement of expenses like private school tuition a family unnecessarily incurred in the past to provide special education

---

[12] KHM cites *Perez v. Sturgis Public Schools*, 143 S. Ct. 859 (2023), to support his claim that compensatory damages are an available remedy under the IDEA. Doc. #38 at 1–3. However, in *Perez*, the plaintiff sought damages under the ADA, not the IDEA, and the opinion mentions the IDEA only to address its exhaustion requirements. *Perez*, 143 S. Ct. at 865.

services, but it does not provide traditional compensatory damages, such as damages for injuries." *W.S. v. Dall. Indep. Sch. Dist.*, No. 21-10849, 2022 WL 6316442, at *4 n.3 (5th Cir. Oct. 7, 2022) (citation and internal quotation marks omitted). The IDEA "allows for 'compensatory awards,' which are designed to provide 'services prospectively to compensate for a past deficient program.'" *McMillen v. New Caney Indep. Sch. Dist.*, 939 F.3d 640, 647 (5th Cir. 2019) (citation omitted);[13] *Draper v. Atlanta Indep. Sch. Sys.*, 518 F.3d 1275, 1280 (11th Cir. 2008) (student awarded option to use multi-sensory reading and tutor services, have a dedicated special education teacher, or receive reimbursement for private school tuition). But unless a plaintiff "brings a suit under another federal law for compensatory damages" alongside his IDEA claim, compensatory damages are not available. *Chavez v. Brownsville Indep. Sch. Dist.*, No. 22-40085, 2023 WL 3918987, at *2 (5th Cir. June 9, 2023) (citations and quotation marks omitted). And while "any State … shall establish and maintain procedures in accordance" with the IDEA, the IDEA does not include damages in its discussion of state-controlled procedures. 20 U.S.C. § 1415(a); *see generally* 20 U.S.C. § 1415(b).

KHM's demand in his complaint for $600,000 in compensatory damages is based on his allegations of "sustained pain and suffering, great mental distress, humiliation, and a loss of educational opportunities, and a two (2) year lost [sic] in [his] education which can not be recaptured." Doc. #2 at 5. These are not damages available under the IDEA. *See McMillen*, 939 F.3d at 647 (damages available under the IDEA include "awards tied to the cost of providing [a student] with an adequate education."). And because the MSP was created "in accordance with the regulations" of the IDEA and does not reference compensatory damages, *see generally* Miss.

---

[13] In *Perez*, the Supreme Court overruled *McMillen* in part, finding the IDEA's exhaustion requirement "does not apply to *all* suits seeking relief that other federal laws provide. … [It] applies *only* to suits that seek relief also available under IDEA." 143 S. Ct. at 864 (cleaned up). But the Supreme Court made clear that compensatory damages are "a form of relief everyone agrees IDEA does not provide." *Id.*

Code Ann. § 37-23-1 et seq., it follows that compensatory damages are not available under it either. Since KHM sues only under the IDEA and the MSP, the Court cannot provide redress to KHM through the compensatory damages he seeks. *See Chavez*, 2023 WL 3918987, at *2 (compensatory damages may be available when "a plaintiff brings [an additional] suit under another federal law for compensatory damages" but compensatory damages are a "form of relief everyone agrees IDEA does not provide.") (citation and quotation marks omitted). Consequently, KHM lacks standing to bring his claims and the Court lacks subject matter jurisdiction over them.

## B. Statute of Limitations

The School District argues dismissal is also warranted because KHM did not bring his claims within "90 days from the date of the decision of the hearing officer."[14] Doc. #25 at PageID 144–45 (quoting 20 U.S.C. § 1415(i)(2)(B)) (footnote omitted). KHM responds that he "placed [the School District] on notice of his claim against it," referencing his original state court complaint.[15] Doc. #38 at 4. The School District replies that it "does not dispute that it was provided a notice of claim" within a year of the hearing officer's decision but because KHM filed "claims … pursuant to the IDEA," the 90-day statute of limitations to bring a civil action applies to his claims regardless of such notice. Doc. #44 at PageID 491.

Under the IDEA, a party initiating a civil action "shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action … in such time as the State law allows." 20 U.S.C. § 1415(i)(2)(A)–(B). The MSP, like the IDEA, provides that any civil action brought under the statute must be filed

---

[14] "[B]ecause a 12(b)(1) motion based on timeliness invokes Rule 12(b)(6), [the Court] evaluate[s] this [aspect of the] motion under the more appropriate 12(b)(6) standard." *Beckwith v. City of Houston*, 790 F. App'x 568, 572 (5th Cir. 2019).

[15] KHM also argues that the Mississippi Tort Claims Act and Mississippi Code § 11-46-11(3)(a) have longer statutes of limitation, Doc. #38 at 5, but they are not applicable to his claims because he did not plead any causes of action under those statutes. *See generally* Doc. #2.

within "ninety (90) days from the date of the decision of the impartial due process hearing officer." Miss. Code Ann. § 37-23-143(3).

The hearing officer's decision was issued on November 16, 2021, Doc. #2 at PageID 43, which means the 90-day period to file suit ended February 14, 2022. KHM did not file this lawsuit until October 31, 2022. *See* Doc. #2. So even if this Court had jurisdiction over KHM's claims, his complaint would be dismissed. *See E.M. v. Lewisville Indep. Sch. Dist.*, No. 4:15-cv-564, 2017 WL 77452, at *2 (E.D. Tex. Jan. 9, 2017) (dismissing one of two IDEA claims[16] for lack of subject matter jurisdiction because it was "not brought ninety days from the date of the decision of the hearing officer as required by the IDEA").[17]

### C. Mootness

The School District further argues this case is moot because "there is no longer any on-going, actual controversy between [KHM] and [it]." Doc. #25 at PageID 147. KHM responds that he still has a live controversy because the "School District hindered, and prevented [his] intellectual, emotional, and social development which will last a lifetime." Doc. #38 at 3. The School District replies that there is no live controversy because "when a student is moved to another school district, IDEA claims become moot." Doc. #44 at 492.

"[I]t is well-settled[] that mootness is a threshold jurisdictional inquiry." *Ermuraki v. Cuccinelli*, 987 F.3d 384, 386 (5th Cir. 2021) (citation and quotation marks omitted). A claim is

---

[16] With respect to the plaintiff's remaining IDEA claim, the Fifth Circuit affirmed the district court's decision that the "challenged IEP was reasonably calculated to enable E.M. to receive educational benefits as required under the IDEA." *E.M. v. Lewisville Indep. Sch. Dist.*, 763 F. App'x 361, 362 (5th Cir. 2019) (cleaned up).

[17] "[T]he Fifth Circuit has not ruled whether the statute of limitations in the IDEA is jurisdictional" and thus appropriate to review on a 12(b)(1) motion to dismiss for lack of standing. *E.M.*, 2017 WL 77452, at *2. Other district courts have "previously held that the ninety-day filing period is … jurisdictional." *Id.* at *2; *see Maynard v. D.C.*, 579 F. Supp. 2d 137, 141 (D.D.C. 2008) ("Courts in this District have generally treated the IDEA's limitations period as a jurisdictional bar."); *but see Jenkins v. Butts Cnty. Sch. Dist.*, 984 F. Supp. 2d 1368, 1375 (M.D. Ga. 2013) (finding IDEA statute of limitations is not jurisdictional and must be "pled as an affirmative defense, waived, or tolled").

moot when it "no longer present[s] a case or controversy." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

As discussed above, it is undisputed that KHM now attends school in another school district and that the School District here does not have any control over his educational plan. So injunctive relief—which KHM does not specifically request—is unavailable. Also as discussed above, the compensatory damages sought by KHM are unavailable under the IDEA and the MSP. Consequently, there no longer exists a live controversy between KHM and the School District capable of being redressed by a favorable judicial decision. *See Payne v. Progressive Fin. Servs.*, 748 F.3d 605, 607 (5th Cir. 2014) ("If an intervening circumstance deprives a plaintiff of a personal stake in the outcome of the action or makes it impossible for the court to grant any effectual relief … the case must be dismissed as moot.") (citation and internal quotation marks omitted).[18] For this additional reason, the Court lacks subject matter jurisdiction over KHM's moot claims.

## V
## Conclusion

The School District's motion to dismiss [24] is **GRANTED**. The pending motions [42][52][56][64][66][68][78] are **DENIED as moot**. This case is **DISMISSED without prejudice**.

**SO ORDERED**, this 2nd day of February, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[18] Even if the claim met the capable of repetition yet evading review exception to mootness, "[s]tanding admits of no similar exception; if a plaintiff lacks standing at the time the action commences, the fact that the dispute is capable of repetition yet evading review will not entitle the complainant to a federal judicial forum." *Stringer*, 942 F.3d at 724 (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 191 (2000)). "Accordingly, the capable of repetition yet evading review doctrine is not implicated by [KHM's] claims." *Id.* at 725.